# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA N. BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-53-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are the Findings and Recommendation of United States Magistrate Judge Shon T. Erwin entered February 22, 2011 [Doc. No. 25] and Plaintiff's Objection to the Findings and Recommendation filed March 14, 2011 [Doc. No. 26].

In her Objection, Plaintiff generally asserts as follows: 1) The Findings don't adequately address Plaintiff's argument that the ALJ failed to properly evaluate the medical evidence; 2) the Findings don't adequately consider Plaintiff's argument that she does not have the residual functional capacity ("RFC") to engage in substantial gainful activity ("SGA"); and 3) the Findings do not adequately consider Plaintiff's argument that the ALJ erred in his credibility assessment.

With respect to the evaluation of medical evidence, Plaintiff asserts that the ALJ erred in rejecting portions of the findings of Paul Michels, M.D., which Plaintiff characterizes as "significant probative and uncontroverted evidence in the record indicating . . . [Plaintiff's] psychological problems would prevent her from engaging in SGA" without an adequate

explanation, and that the Magistrate Judge didn't consider this argument. Plaintiff further asserts that a GAF of 50 means serious, not moderate, difficulties in functioning, as the ALJ stated. Plaintiff also faults the ALJ for never stating the weight he attached to Dr. Michels' report. Plaintiff also argues that the ALJ did not adequately consider the opinion of Dr. Pedro Lopez, a treating physician, concerning the limitations caused by her physical impairment. Plaintiff acknowledges that the ALJ found that Dr. Lopez's Medical Source Statement ("MSS") did "not merit substantial weight" because the Plaintiff saw him only once, he was not a treating source and his MSS was after the date Plaintiff was last insured. Plaintiff asserts, however, that objective evidence from before the Plaintiff's date last insured supports the MSS, specifically Dr. Douglas A. Thompson's office note in September of 2006 following Plaintiff's August 2006 MRI, citing the Administrative Record ("A.R.") at 379-80. Plaintiff states that "the evidence overwhelmingly supports that she has a significant low back impairment that results in significant limitations," Objection at p. 6, and that "no evidence of record contradicts this point." *Id.* In summary, Plaintiff asserts that the ALJ did not give proper weight to Dr. Lopez's opinion in his MSS and the ALJ failed to state what weight he did give the MSS. Plaintiff further suggests that the ALJ's rejection of Dr. Lopez's MSS was based upon an assumption that Dr. Lopez was merely parroting the Plaintiff's subjective complaints, an assumption which Plaintiff asserts is unwarranted and contrary to Tenth Circuit case law.

Secondly, Plaintiff argues that the Magistrate Judge did not adequately consider her argument that her situation is identical to that in *Campbell v. Bowen*, 822 F.2d 1518 (10th Cir.

2

1987). Plaintiff asserts that the medical evidence established that she has limitations not included in the ALJ's first hypothetical question to the vocational expert ("VE"), A.R. at 62-3 (i.e., those limitations which were included in the ALJ's second hypothetical, *see* A.R. at 65-6) that dramatically affect or preclude her from performing all of the jobs identified by the VE. Plaintiff states that the "VE's testimony used with the medical evidence" shows that Plaintiff has not retained the RFC to engage in SGA.

In her third objection, Plaintiff argues that the ALJ's credibility analysis is insufficient because he didn't evaluate Plaintiff's subjective allegations of pain considering the record as a whole and he did not adequately discuss how the evidence related to the factors used to evaluate the credibility of complaints of pain. She asserts that the ALJ may not rely on her minimal daily activities as substantial evidence she does not have disabling pain.

The Magistrate Judge adequately addressed Plaintiff's argument that the ALJ rejected portions of Dr. Michels' findings contained in the report of his psychiatric evaluation of Plaintiff on February 9, 2007. *See* Findings and Recommendations at p. 6. The ALJ did not reject any of Dr. Michels' findings but relied upon them and repeated them essentially verbatim to support the ALJ's findings that Plaintiff had mild restriction in daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence or pace because of her depression, but that Plaintiff had no marked limitations in these areas as well as no repeated episodes of decompensation, as a result of which the ALJ found Plaintiff's mental impairments did not meet or medically equal the criteria for listings 12.04, 12.08 and 12.09. *See* Decision, A.R. at 12-13. Perhaps Plaintiff's confusion

is due to the fact that Dr. Michels stated that Plaintiff's "depression and subjective sense of psychological distress would likely create unpredictable periods of time in which she'd *feel* incapable of completing specific tasks in a timely or consistent manner," A.R. at 403 (emphasis added); *see* A.R. at 12-13; however, Dr. Michels did not opine that Plaintiff's subjective sense of psychological distress would result in any marked limitations in the functional areas or in repeated episodes of decompensation, each of extended duration. The ALJ did not mention the GAF Dr. Michels assigned to Plaintiff, at Axis V of his Diagnoses in his Psychiatric Evaluation report, of "approximately 50-55." However, it is clear that the ALJ considered and relied upon Dr. Michels' Psychiatric Evaluation report that contains that GAF. The ALJ was not required to discuss every piece of evidence or finding in Dr. Michels' report, *see Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996), and Dr. Michels' verbal findings were more specific than the approximate GAF score assigned, which was really just an attempt to reflect Dr. Michels' findings in a numerical global assessment of functioning. Plaintiff's arguments pertaining to Dr. Michels' GAF score are similar to those made by the appellant in *Atkinson v. Astrue*, 389 Fed. Appx. 804, 808 (10th Cir. 2010) and in *Zachary v. Barnhart*, 94 Fed. Appx. 817, 818 (10th Cir. 2004), and are rejected for similar reasons.

The ALJ did find that Plaintiff's degenerative disc disease is a severe impairment which would reasonably be expected to interfere with the Plaintiff's ability to work. A.R. at 12. In making that finding and in determining what physical imitations Plaintiff had as a result of that impairment and what Plaintiff's RFC was, the ALJ considered the opinion of

4

Dr. Lopez in his Medical Source Statement-Physical (A.R. at 481-82) and stated that "Dr. Lopez's opinion does not merit substantial weight herein," A.R. at 18, which is the same as assigning it insubstantial weight. The ALJ explained his reasons for the weight he assigned to Dr. Lopez's MSS. A.R. at 18. The medical evidence Plaintiff cites as consistent with and supporting Dr. Lopez's MSS, *see* A.R. at 379-80, is just as consistent with the physical limitations found by the ALJ, *see* A.R. at 14, which are supported by other evidence in the record, *see* Report of Jennifer Ping, M.D., consultative examiner dated April 20, 2007 (A.R. at 407-14) discussed by the ALJ, *see* A.R. at 15-16, and the Physical Residual Functional Assessment of Wayne Hurley, M.D., dated March 31, 2007 and April 30, 2007 (A.R. at 415-22).

Plaintiff has not demonstrated how the ALJ's first hypothetical failed to include limitations reflected in Dr. Michels' opinion and, as the Court has already indicated, the ALJ accorded Dr. Lopez's MSS insubstantial weight for properly explained reasons in making his determination as to what Plaintiff's limitations were, based upon the medical evidence in the record. To the extent Plaintiff is asserting that her situation is identical to that in *Campbell v. Bowen*, 822 F.2d 1518 (10th Cir 1987) because she maintains the ALJ's first hypothetical, as later modified to include only sedentary as opposed to light exertional levels, did not contain all of the limitations supported by the medical evidence, *see Campbell v. Bowen*, 822 F.2d at 1522-24, the Court disagrees. The ALJ's RFC took into account Plaintiff's physical and mental limitations found by the ALJ to be established by the medical evidence. As observed by the Magistrate Judge, "[t]he ALJ may discount symptoms when

5

they are not supported by objective correlative evidence." Findings and Recommendation at p. 8, citing *Diaz v. Secretary of HHS*, 898 F.2d 774, 777 (10th Cir. 1990). Moreover, unlike the case in *Campbell*, *supra*, the ALJ in this case did not find that the Plaintiff could perform a substantial majority of jobs in the Plaintiff's residual functional capacity category but found that the Plaintiff had additional limitations which would impede her ability to perform substantially all work in the unskilled sedentary category. *See* A.R. at 20. Compare with *Campbell*, 822 F.2d at 1522-24. The ALJ nevertheless met his burden of showing that the Plaintiff retained the ability to perform jobs existing in significant numbers in the state and national economy through the testimony of the VE.

The ALJ performed a proper credibility analysis of Plaintiff's testimony that she suffered from disabling pain and other symptoms. He first determined that the objective medical evidence of record showed that Plaintiff had medically determinable impairments, physical and psychological, that could reasonably be expected to produce pain and other symptoms and difficulties alleged or described. *See* A.R. at 16. Having found that to be the case, the ALJ considered all relevant evidence to determine the credibility of Plaintiff's complaints of disabling pain and other symptoms, taking into account factors set forth in *Luna v. Bowen*, 834 F.2d 161, 164-65, such as the Plaintiff's persistence in attempts to obtain pain relief, willingness to try any treatment prescribed and regular contact with a doctor, as well as factors set out in SSR 96-7p, which include the nature, location, onset, duration, frequency, radiation and intensity of any pain, precipitating and aggravating factors, functional restrictions, the claimant's daily activities, and the dosage, effectiveness and side

effects of medication. A.R. at 17 & 18-19. He specifically considered and discussed Plaintiff's testimony, A.R. at 15; the medical evidence, A.R. at 15-16 & 18; Plaintiff's attempts to obtain treatment for her pain and psychological distress, *see* A.R. at 15 (conservative treatment for back and neck pain in 2006, including physical therapy, pain medications and steroid injections); A.R. at 16 (in 2007 Plaintiff was not receiving treatment for her depressive symptoms and difficulties, although the consultative psychiatrist thought aggressive medication management, individual counseling and dialectical behavioral therapy could significantly benefit her symptoms, but Plaintiff's depression was well controlled with Citalopram); & A.R. at 16 (Plaintiff had received treatment, primarily for medication control of her depressive symptoms, at the Choctaw Health Center from May 2008 through September 2008); and summarized Plaintiff's attempts to obtain relief of her symptoms and contact with doctors by stating that at least since her onset date, "there was very little in the way of actual medical treatment other than the continued prescribing of routine medication," A.R. at 18-19, and "[t]here was no evidence she saw a specialist, but rather she continued to receive medication from her family practitioners." A.R. at 19. The ALJ also considered and discussed the nature, location, onset, duration, frequency, radiation and intensity of Plaintiff's pain and other symptoms, the precipitating and aggravating factors and functional restrictions resulting from them as described in Plaintiff's testimony, A.R. at 15; as described and evaluated by examining consultative and treating physicians, A.R. at 13-14, 15, 16 & 18, including a physician's opinion that the "claimant's complaints appeared to be out of proportion with her examination findings," A.R. at 15; the Plaintiff's daily activities, A.R.

at 13, 15 & 19; and the dosage, effectiveness and side effects of medication, A.R. at 15, 16 & 18-19. Moreover, in summarizing his findings as to the credibility of Plaintiff's complaints of disabling pain and depressive symptoms, the ALJ closely linked his findings to substantial evidence as follows:

> The claimant's allegations of disabling pain and limitations are simply not supported by the medical evidence to the extent alleged. It is noted that the claimant has repeatedly indicated that she had back and neck pain for many years. Objective medical evidence does not demonstrate that the claimant's condition significantly worsened around her alleged onset date – in fact, there was very little in the way of actual medical treatment other than the continued prescribing of routine medication. However, there is no medical evidence that the claimant's physical and mental impairments actually worsened. There was no evidence she saw a specialist, but rather she continued to receive medication from her treating family practitioners.
>
> Further, claimant's daily activities are consistent with the above residual functional capacity assessment and are inconsistent with disabling levels of pain. She is able to care for her personal needs without assistance, prepare simply meals, shop and complete housework. All of these activities are probative of an ability to perform at least simple sedentary work set forth herein.
>
> There is no medical evidence of any physician finding that the claimant has had persistent and adverse side effects due to any prescribed medication, resulting in significant limitations of functional capacity, or which were incapable of being controlled by medication adjustments or changes. It was noted that her depression was well controlled with citalopram (Exhibit 8F).
>
> The record reveals that claimant's allegedly disabling impairments were present at approximately the same level of severity prior to her alleged onset date. The fact that the impairments did not prevent claimant from working at the time strongly suggests that they would not prevent work at any time through her date last insured.
>
> It is possible that the claimant experienced some discomfort during the period at issue. The issue, however, is not whether the claimant had pain, but rather the degree of that pain, and if, in conjunction with her impairments, it rendered

her disabled. The objective evidence indicates that, contrary to the claimant's allegations of disabling pain, she had exhibited relatively mild symptoms. The record fails to demonstrate the presence of any pathological clinical signs, significant medical findings, or any neurological abnormalities which would establish the existence of a pattern of pain of such severity as to prevent the claimant from engaging in, at the very least, a range of "sedentary" work on a sustained basis during the period at issue.

The statements of the claimant concerning her impairments and their impact on her ability to work during the period at issue are not entirely credible in light of the conservative nature and the infrequency of medical treatment required, the lack of medical evidence demonstrating that claimant's condition significantly worsened during the period of time under consideration, the reports of the treating and examining practitioners, the medical history, the findings made on examination, the marked discrepancies between her allegations, and the information contained in the medical records.

A.R. at 18-19.

Plaintiff's third objection concerning the adequacy of the ALJ's analysis of the credibility of Plaintiff's complaints of disabling pain and other symptoms is without merit.

In accordance with the foregoing, the Findings and Recommendations of the Magistrate Judge [Doc. No. 25] are ADOPTED in their entirety and the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits is AFFIRMED.

IT IS SO ORDERED this 22nd day of March, 2011.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE